United States District Court
Southern District of Texas
**ENTERED**
April 13, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIGUEL  DAVILA JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-306 |
| | § | |
| R S SALINAS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a federal inmate in the custody of the Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §2241 on September 21, 2017 (D.E. 1).[1]  Petitioner seeks reclassification of his custody status so that he will be eligible for a transfer to a facility closer to his family. Respondent filed a motion to dismiss on January 17, 2018 (D.E. 26) to which Petitioner responded on February 5, 2018 (D.E. 29, filed under seal).  Petitioner has filed additional documents in support of his petition which have been reviewed and considered.  For the reasons stated below, it is recommended that Respondent's motion to dismiss be granted and Petitioner's application for habeas corpus relief be denied.

---

[1] Generally, a prisoner petition is deemed filed on the date it is placed in the prison mail system.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.  Because Petitioner did not state when he placed his petition in the mail system, it is considered filed as of the date of the postmark on the envelope (D.E. 1-7).

Also pending is a motion by Petitioner, filed under seal, to add two more claims to this habeas cause of action (D.E. 39).  For the reasons stated below, it is recommended that this motion be denied.

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner is incarcerated in Live Oak County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

On November 23, 2010, in the El Paso Division of the United States District Court for the Western District of Texas, Petitioner pleaded guilty and was convicted of conspiring with intent to distribute more than five kilograms of cocaine and more than fifty kilograms of methamphetamine.  On April 14, 2011, he was sentenced to a 240-month term of incarceration in the BOP and a ten-year term of supervised release.  *United States v. Miguel Davila*, No. 3:10-01559-DB (W.D. Tex. Apr. 14, 2011) at D.E. 235. Petitioner filed an appeal which was dismissed because he had waived his right to appeal as part of the plea agreement.  *United States v. Miguel Davila, Jr.*, No. 11-50393 (5th Cir. Oct. 14, 2011).  Petitioner next filed a motion to set aside or vacate his sentence under 28 U.S.C. § 2255 which was dismissed without written order on October 20, 2013.  *Davila*, No. 3:10-01559-DB at D.E. 280.  Petitioner sought a certificate of appealability (COA) which also was denied.  *Id.*  The Fifth Circuit affirmed the denial of the COA in *United States v. Miguel Davila, Jr.*, No. 13-51204 (5th Cir. Aug. 12, 2014), and the United States

Supreme Court denied certiorari on February 23, 2015. *Davila v. United States*, 135 S.Ct. 1450 (2015).

Petitioner currently is incarcerated at FCI Three Rivers but would like to be transferred to the Federal Correctional Institution in La Tuna, Texas, to be closer to the elderly grandmother who raised him.[2]   Petitioner sought administrative relief by requesting a transfer to FCI La Tuna but relief was denied at all administrative levels. Because FCI La Tuna is a low security unit and Petitioner is classified as a medium security inmate, BOP policies prohibit the transfer.  (See administrative decisions at D.E. 1, pp. 2-6, filed under seal).

In this federal habeas action, Petitioner challenges his custody level and asks that it be modified so that he will be eligible for transfer to FCI La Tuna.  Respondent moves to dismiss under Fed. R. Civ. P 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim.  Respondent concedes that Petitioner has exhausted his administrative remedies.

## <u>DISCUSSION</u>

### A.  Jurisdiction

Respondent argues that this Court is without jurisdiction to hear Petitioner's claims because he is not challenging the fact or duration of his sentence.  Challenges to a court's jurisdiction generally are brought via a Rule 12(b)(1) motion to dismiss.  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the

---

[2] At the time Petitioner filed this lawsuit, both of his grandparents were alive.  His grandfather has since died.

statutory or constitutional power to adjudicate the case.'" *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309, 312 (5th Cir. 2015)(quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  However, where issues of fact are relevant to both subject matter jurisdiction and the claim on the merits, the Fifth Circuit directs that the trial court must assume jurisdiction and proceed to the merits. *Montez v. Department of Navy*, 392 F.3d 147, 150 (5th Cir. 2004).

> In circumstances where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court … is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56.

*Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)).  In this case, Respondent's jurisdictional argument is intertwined with his argument that Petitioner failed to state a claim for habeas relief.  Therefore, the Court should assume jurisdiction and address the motion to dismiss under Rule 12(b)(6).

## B.  Classification and Placement

Petitioner seeks modification of his security level so that he will be eligible for transfer to FCI La Tuna, which is a low security facility, but his claim is not cognizable in a § 2241 petition.  A habeas petition is the means by which a petitioner seeks release from custody.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)(citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  If a favorable resolution of a claim would entitle an inmate to accelerated release, the challenge must be pursued in a habeas corpus action.  *Id.* at 820-821 (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.

1995)). On the other hand, if a petitioner wishes to challenge unconstitutional conditions of confinement or prison procedures, he must do so via a 42 U.S.C. § 1983 lawsuit or a *Bivens*[3] action.  *Id.* at 820 (citing *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)).  In this case, if Petitioner were granted the relief he seeks, he would not be entitled to an earlier release.  Accordingly, he has failed to state a claim for habeas corpus relief.

Moreover, "[A] prison inmate does not have a protectable liberty interest or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation."  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(citing *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992)). "Generally, courts are not concerned with a prisoner's initial classification level based on his criminal history before his incarceration."  *Wilkerson v. Stalder*, 329 F.3d 431 (5th Cir. 2003).  Prison officials should be accorded wide deference in the application of policies and practices designed to maintain security and preserve order.  *Id.* (citing *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990)).  Federal courts will not interfere in the classification of inmates except in extreme circumstances.  *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971).

Although Petitioner makes arguments for why he believes he is entitled to a lesser security designation, the reasons he cites are not factors considered by the BOP in making security designations.  *See* Decl. of Phillip Alvarez (D.E. 26, filed under seal);

---

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Program Statement 5100.08, *Inmate Security Designation and Custody Classification*, and Male Custody Classification Form (D.E. 42-1 and 42-2).  Nor does Petitioner point to any extreme circumstances that warrant federal court intervention.

In addition, it is well-settled that inmates do not have a constitutionally protected interest in being assigned to a particular facility or a particular geographic location.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Barber v. Quarterman*, 437 Fed. Appx. 302, 304 (5th Cir. 2011)(per curiam).  Thus, while it is unfortunate that Petitioner is housed at a location distant from his elderly grandmother, his allegations do not state a claim for habeas corpus relief.  Therefore, it is recommended that Petitioner's cause of action for habeas relief pursuant to 28 U.S.C. § 2241 be dismissed for failure to state a claim.

### C.  Motion to Add Additional Claims

Petitioner moved to add two more claims to his habeas action (D.E. 39, filed under seal).  However, the motion appears to set forth additional reasons Petitioner believes support his claim that he is entitled to a lower security classification.  As discussed above, Petitioner does not have a constitutional right to a lower security classification and thus has failed to state a claim for habeas relief.  In the alternative, the motion could be construed as a motion to alter or amend his sentence.  Such a motion could be heard only in the sentencing court via a 28 U.S.C. § 2255 petition, subject to being barred as a second or successive action.

### RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Respondent's motion to dismiss (D.E. 26) be GRANTED and Petitioner's application for habeas corpus

6 / 7

relief be DISMISSED for failure to state a claim.  It is further recommended that his motion to add two more claims (D.E. 39) be DENIED.

Respectfully submitted this 13th day of April, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).