United States District Court
Southern District of Texas
**ENTERED**
August 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MIGUEL DAVILA JR, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-306 |
| § | |
| R S SALINAS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION TO DENY CONSTRUED MOTION FOR RELIEF FROM JUDGMENT

Pending is Petitioner Miguel Davila, Jr.'s motion to "revive" a previous request to add two claims to a habeas corpus application that was dismissed on June 5, 2018 (D.E. 50, 39, 46, 47). As discussed more fully below, it is recommended that Petitioner's motion be construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and denied.

### JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner is incarcerated in Live Oak County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

On November 23, 2010, in the El Paso Division of the United States District Court for the Western District of Texas, Petitioner pleaded guilty and was convicted of conspiring with intent to distribute more than five kilograms of cocaine and more than fifty kilograms of methamphetamine. On April 14, 2011, he was sentenced to a 240-month term of incarceration in the BOP and a ten-year term of supervised release. *United States v. Miguel Davila*, No. 3:10-01559-DB (W.D. Tex. Apr. 14, 2011) at D.E. 235. Petitioner filed an appeal which was dismissed because he had waived his right to appeal as part of the plea agreement. *United States v. Miguel Davila, Jr.*, No. 11-50393 (5th Cir. Oct. 14, 2011). Petitioner next filed a motion to set aside or vacate his sentence under 28 U.S.C. § 2255 which was dismissed without written order on October 20, 2013. *Davila*, No. 3:10-01559-DB at D.E. 280. Petitioner sought a certificate of appealability (COA) which also was denied. *Id.* The Fifth Circuit affirmed the denial of the COA in *United States v. Miguel Davila, Jr.*, No. 13-51204 (5th Cir. Aug. 12, 2014), and the United States Supreme Court denied certiorari on February 23, 2015. *Davila v. United States*, 135 S.Ct. 1450 (2015).

Petitioner currently is incarcerated at FCI Three Rivers but would like to be transferred to the Federal Correctional Institution in La Tuna, Texas, to be closer to the elderly grandmother who raised him. Petitioner sought administrative relief by requesting a transfer to FCI La Tuna but relief was denied at all administrative levels. Because FCI La Tuna is a low security unit and Petitioner is classified as a medium

security inmate, BOP policies prohibit the transfer. (See administrative decisions at D.E. 1, pp. 2-6, filed under seal).

Petitioner filed a federal habeas action, challenging his custody level and asking that it be modified so that he would be eligible for transfer to FCI La Tuna. It was recommended in a Memorandum and Recommendation (M&R) that his habeas claim be dismissed because his claim was not cognizable in a § 2241 petition (D.E. 44). Petitioner filed objections to the M&R and on June 5, 2018, the District Court adopted the M&R, dismissed the habeas claims, and entered final judgment for Respondent (D.E. 45, 46, 47).

Prior to entry of the M&R, Petitioner asked to add two additional claims to his habeas application: one alleging that he had been told to sign a document confirming that he was part of a prison gang in order to make it more likely that he would be placed close to his grandparents; and one alleging he had denounced a corrupt staff officer but had not been given any leniency in return (D.E. 39). In the M&R, it was recommended that his motion to add the additional claims be denied because his motion appeared to set forth additional reasons Petitioner believed he was entitled to a lower security classification, which did not raise a constitutional issue. Alternatively, it was noted that the motion could be construed as a motion to alter or amend his sentence which could only be heard in the sentencing court (D.E. 44). The District Court adopted the recommendation and denied Petitioner's motion to add new claims (D.E. 46).

Petitioner next filed a motion in the sentencing court seeking to have the two additional claims reviewed there. The sentencing court construed the motion as a second

or successive § 2255 motion and denied it on June 26, 2018 because Petitioner had not sought the requisite permission from the Fifth Circuit to file it (D.E. 50, p. 3; D.E 50-2 at pp. 16-20). *See also Davila v. United States*, No. EP-18-CV-192-DB (June 26, 2018). On August 15, 2018, Petitioner returned to this Court to ask that his previous motion to add two new claims (D.E. 39) be revived. The motion will be construed as a motion for relief from the judgment filed pursuant to FED. R. CIV. P. 60(b).

## APPLICABLE LAW

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner does not specify any grounds for relief and a review of his pleadings and exhibits does not reveal any. If Petitioner were seeking relief under the catch-all provision of Rule 60(b)(6) he would have to show "extraordinary circumstances." *Hess v. Cockrell*, 281 F.3d 212, 215-216 (5th Cir. 2002). He has not made such a showing but simply asks the Court to reconsider the two claims it previously dismissed (*See* D.E. 39, 44, 46). In addition, a Rule 60(b) motion is not a substitute for the ordinary process of

appeal. *Id.* at 216. Because Petitioner has failed to show that he is entitled to relief from judgment, it is recommended that his motion for relief from judgment be denied.

## RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Petitioner's motion for relief from judgment (D.E. 50, referring to D.E. 39), construed as a Rule 60(b) motion for relief from judgment, be DENIED.

Respectfully submitted this 28th day of August, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).